UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ANTWONE D. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-308-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NURSE FIRTH, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Antwone D. White is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Medical Center ("FMC")-Lexington in Lexington, Kentucky. Proceeding without an attorney, White has filed a Complaint asserting negligence claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. [Record No. 1] The Court has conducted a preliminary review of White's Complaint because he asserts claims against a government official and because he has been granted pauper status. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.[1] White's Complaint will be dismissed because it fails to state a claim upon which relief can be granted.

**I.**

White alleges that on April 10, 2014, while in the insulin line at FMC-Lexington, he was self-administering an insulin injection at the same time the defendant, whom he

---

[1] The Court must dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). Because White is not represented by an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

identifies as "Nurse Firth," was injecting Prisoner Becker's Hepatitis B shot. White alleges that after Nurse Firth administered Becker's shot, she failed to place the safety cap on the needle. When Nurse Firth tossed or discarded Becker's needle, White claims that it somehow pricked his left middle finger. White asserts that the discarded needle penetrated his skin, exposed him Hepatitis B and/or HIV, and caused him to suffer severe emotional distress and anxiety.

During the Health Services Clinical Encounter from April 10, 2014, White conveyed the following description of the alleged event: "Placing insulin needle in sharps when nurse was placing needle in sharps at same time and stick to left middle finger." [Record No. 1-1, p. 9] Malissa Contreras, RN/DC, listed White's objective symptoms, which included the following observations about White's finger:

> Yes: Clean, Dry and Intact.
> States needle stick to left middle finger**. No blood noted from site, no abrasion, no open area noted. No visible wound**

[*Id*., p. 10 (emphasis added)] In the next section of the report, "Assessment," Contreras made the following entries:

> Skin Integrity, Alteration In
> Exposure incident: 4/10/14. Reported immediately as incident occurred in Central Clinic
>
> Not work related. Needle stick from used needle by another inmate during insulin line. States "inmate Beckers needle"
>
> Immediate care to site-cleaned with soap and running water for 2 minutes. No bandage applied. **No open area noted in skin/no blood noted**
>
> Type of exposure Percutaneous skin penetrated with used insulin needle (Magellan, 1m>, 29gx ½")

[*Id*. (emphasis added)]

White filed an administrative claim in compliance with the BOP's procedures, alleging that Nurse Firth was negligent in handling the discarded needle and that the BOP had failed to properly train and supervise Nurse Firth about handling used needles. [Record No. 1-1, pp. 2–4] White demanded $1 million in damages from the government. [*Id.*] In May 2014, the BOP acknowledged White's claim, No. TRT-MXR-2014-04084, but denied it on June 23, 2014, finding that "[t]here is no indication that any negligent act or omission on the part of a Bureau of Prisons employee was a factor in any injury you may have incurred." [*Id.*, pp. 6–7]

In denying White's FTCA claim, the BOP stated:

> **The skin was intact and did not show any signs of blood or puncture wound. There were also no signs of being scraped. The nurse squeezed the affected finger to see if there was a break in the in the skin and blood was not noted**. Your finger was cleaned with soap and running water for two minutes. You were provided counseling by the Infectious Disease Nurse and the Medical Doctor on call. You were offered HIV preventative medications and you declined.

[*Id.*, p. 6 (emphasis added)]

The BOP further noted that, immediately after the incident, White underwent all necessary screenings and tests and was fully immunized to ensure that he had not contracted either HIV or Hepatitis B. White's laboratory and tests results for Hepatitis and B were negative. Further, as of June 23, 2014, White's HIV labs were negative, but the BOP informed White that he would continue to undergo screening labs per BOP policy for one year following the exposure. [*Id.*, p. 7] The BOP also stated that it had been determined that the third finger on White's left hand "had no chronic residual problems." [*Id.*]

In his Complaint, White alleges that: (i) Nurse Firth breached her legal duty to safeguard him from harm from being "stuck with the Hepatits B infected needle," [R. 1, p.

4]; (ii) he was injured by Firth's actions and alleged negligence; (iii) he has continued to suffer physically, mentally, and emotionally, because of Nurse Firth's alleged negligence; and (iv) he is entitled to $100,000 in damages.

## II.

Under the FTCA, a plaintiff may recover a monetary award from the United States for injury, property loss, or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of . . . employment . . . ." 28 U.S.C. § 1346(b)(1). The United States may be held liable only if the conduct in issue amounts to negligence "in accordance with the law of the place where the act or omission occurred." *Id.* Thus, liability under the FTCA is governed by state law. *See Rayonier Inc. v. United States*, 352 U.S. 315 (1957). In the present action, the alleged negligent acts occurred in Kentucky. Thus, Kentucky tort law applicable to this case. To establish a cause of action for common law negligence in Kentucky, a plaintiff must prove the following elements: (i) duty of care; (ii) breach of that duty; (iii) actual injury; and (iv) that the injury was proximately caused by the breach. *Keaton v. G.C. Williams Funeral Home, Inc.*, 436 S.W.3d 538, 542 (Ky. Ct. App. 2013). The absence of any element is fatal to the claim. *See Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245 (Ky. 1997); *Watters v. TSR, Inc.*, 904 F.2d 378 (6th Cir. 1990).

White's Complaint suffers from both procedural and substantive defects. The procedural error lies in the fact that White named only Nurse Firth as a defendant. However, "[t]he FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee. Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869,

871 (6th Cir. 1990) (citations omitted). White's failure to name the United States renders his complaint procedurally defective and subject to dismissal without prejudice.

Even assuming that White could overcome the procedural defect, his Complaint fails to state a cause of action. The documents attached to White's Complaint fail to establish that he sustained any type of actual physical injury in connection with the alleged events of April 10, 2014. At best, the medical notes are ambiguous. As previously discussed, Nurse Contreras found "no open area noted in skin/no blood noted" when she examined White, a fact upon which the BOP relied when it denied his FTCA claim. However, the April 10, 2014, Health Encounter notes do state, "Skin Integrity, Alteration in," and "Percutaneous skin penetrated with used insulin needle."

Even if the discarded needle contacted, pricked or penetrated White's finger, that injury was — at best — *de minimis* in nature. White's finger did not become infected and had healed by June 23, 2104. White did not develop any adverse symptoms. A physical injury need not to be significant, but it must be more than *de minimis* in order to proceed under the FTCA. *See Ellerbe v. United States*, No. 4:09-CV-02226, 2011 WL 4361617, at *5 (N.D. Ohio Sept. 19, 2011) (relying on the similarity between 28 U.S.C. § 1346(b)(2), which applies to the FTCA, and 42 U.S.C. § 1997(e), which applies to the Prison Litigation Reform Act ("PLRA"), and the application of the PLRA to the complaint, to find that the physical injury involved must be more than *de minimis* to state a cause of action under the FTCA); *see Ellerbe v. United States*, No. 4:09-CV-02226, 2011 WL 4361616, at *6 (N.D. Ohio Apr. 21, 2011)); *Jarriet v. Wilson*, 162 F. App'x 394, 401 (6th Cir. 2005) (holding that a plaintiff must show more than a *de minimis* injury in order to prevail on his claim under 42 U.S.C. § 1997(e)).

White received all necessary screening for Hepatitis and HIV as precautionary matters and, as of June 23, 2014, all of his tests were negative for HIV and Hepatitis. White's allegation that he *might* have contracted either or both of these diseases is speculation. Having determined that any alleged physical injury was *de minimis*, the only remaining allegation for consideration is that White has suffered anxiety and emotional distress over the possibility that he might have contracted either HIV or Hepatitis B. However, White cannot proceed on this claim because prisoner suits for purely emotional harm do not fall within the FTCA's limited waiver of sovereign immunity, and the Court lacks subject matter jurisdiction to entertain them. Under 28 U.S.C. § 1346(b)(2), a prisoner may not sue the United States under the FTCA "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See also Green v. United States*, No. 6:13-CV-142-DCR, 2014 WL 1493194, at *4 (E.D. Ky. April 15, 2014) (denying FTCA claim alleging emotional distress); *Wardell v. United States*, No. 11-CV-177-KSF, 2013 WL 4785989, at *5 (E.D. Ky. Sept. 4, 2013); *Glover–Bryant v. Uptagraft*, No. 09-CV-134-JMH, 2009 WL 2877149, at *7 (E.D. Ky. Sept. 2, 2009).[2] Simply put, in light of White's *de minimis* physical injury, his allegations of emotional distress do not provide a basis for recovery under the FTCA.

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

---

[2] *See also Michtavi v. United States*, 345 F. App'x 727, 728–29 (3d Cir. 2009) (Section 1346(b)(2) precluded prisoner's FTCA claim that prison officials caused him emotional distress); *Antonelli v. Tipton*, 356 F. App'x 903 (8th Cir. 2009); *Murphy v. United States*, 116 F.3d 1489 (10th Cir. 1997) (unpublished table decision) (brief exposure to materials containing asbestos failed to satisfy physical injury requirement).

1. Plaintiff Antwone D. White's Complaint [Record No. 1] is **DISMISSED WITH PREJUDICE**.

2. This action is **DISIMSSED** and **STRICKEN** from the Court's docket.

This 15th day of December, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge